# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AZUJHON SIMS, | 3:17-cv-00573-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| THE NEW YORK STATE, ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1). Plaintiff is incarcerated within the Nevada Department of Corrections (NDOC), and has filed this action against the Erie County Department of Social Services; Dennis Gorski, County Executive of the Erie County Department of Social Services; Deborah A. Merrifield, Commissioner of the Erie County Department of Social Services; Mrs. Camino, Child Support Investigator with the Erie County Department of Social Services; Mrs. Leone, Child Support Investigator with the Erie County Department of Social Services; Magistrate Judge Neil J. Bernholz of the Erie County Family Court in Buffalo, New York.

Plaintiff alleges that he lived Buffalo, New York (Erie County) in 1993, and was ordered to pay child support by the Erie County family court. He claims that the New York Supreme Court subsequently issued a decision in *Velazquez v. State of New York*, that child support orders requiring a

1  "poverty level respondent" to pay child support in the amount of $25 per month from September 16,
2  1989 to January 1, 1994, were unconstitutional.

3       Plaintiff moved to Las Vegas, Nevada in 1999, and was unaware of the New York Supreme
4  Court's pronouncement. (*Id*. at 8.) Plaintiff was subsequently found in default of his child support
5  obligations. Plaintiff has filed this action in the District of Nevada seeking relief from a judgment
6  entered in New York pursuant to Federal Rule of Civil Procedure 60(b)(4).

7       A civil action must be brought in: (1) a judicial district in which any defendant resides, if all
8  defendants reside in the same state where the district is located, (2) a judicial district in which a
9  substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of
10 property that is the subject of the action is situated, or (3) a judicial district in which any defendant is
11 subject to personal jurisdiction at the time the action is commenced, if there is no district in which the
12 action may otherwise be brought. 28 U.S.C. § 1391(b).

13      While a party may file an action for relief from judgment in a court other than the one which
14 rendered the judgment, this court is not the proper court to bring an action under Rule 60(b)(4) because
15 Plaintiff concedes all of the defendants reside in New York and the orders concerning child support
16 issued from New York and pursuant to rulings made in New York.

17 When venue is improper, the district court where the case is filed "shall dismiss, or if it be in the interest
18 of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.
19 § 1406(a).

20      Venue is not proper in the District of Nevada. As a result, it is recommended that Plaintiff's IFP
21 application be denied without prejudice, and that his complaint be dismissed without prejudice and the
22 action administratively closed so that Plaintiff may proceed with his action, if he desires, in a court that
23 has jurisdiction over the defendants and where venue is proper.

24                              **RECOMMENDATION**

25     **IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

26     (1) **DENYING** Plaintiff's IFP application **WITHOUT PREJUDICE**; and

27     (2) **DISMISSING** this action **WITHOUT PREJUDICE**, and administratively closing the case
28 in the District of Nevada.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: January 29, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE